## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUIS D. CRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-22-840-R |
| | ) | |
| STATE FARM INSURANCE CO., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner, filed this action alleging fraud with regard to an insurance policy insuring the life of his deceased mother. In addition to filing a Complaint Mr. Craft sought leave to proceed without prepayment of fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On September 23, 2022, Judge Purcell issued a Report and Recommendation wherein he recommended that the Plaintiff be required to pay the entire filing fee pursuant to 28 U.S.C. § 1915(g) because he had previously accumulated three strikes. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

28 U.S.C. § 1915 provides, in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner

possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Section 1915(g) provides a limitation on the Court in granting *in forma pauperis* status to certain prisoners.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Judge Purcell, having reviewed Plaintiff's prior filings, concluded that he was precluded from proceeding *in forma pauperis* because he was subject to the three strikes provision and did not meet the exception therein for prisoners who are "under imminent danger of serious physical injury." *Id.*

Plaintiff does not challenge his litigation history or that he has accumulated more than three strikes. He argues, however, that because he is not suing prison or government officials and because his litigation is unrelated to his incarceration, he should not be subjected to the three strikes rule. Alternatively, he contends that he has also filed an amended complaint that establishes he is entitled to avoid the three strikes provision because he is in imminent danger of serious physical harm, which could be avoided if he is able to prevail in this lawsuit for a portion of the life insurance policy issued on his now-deceased's mother's life. The undersigned disagrees with both arguments.

First, 42 U.S.C. § 1915(g) applies to prisoners, generally, who seek *in forma pauperis* status. The statute is not limited to prisoners seeking relief from government

officials or raising claims related to the conditions of their current confinement, although these are not surprisingly the context in which these issues generally arise. Rather, by its plain terms, § 1915(g) applies to a suit filed by a person while a prisoner, which is Mr. Craft's current status. Accordingly, the Court finds that he cannot avoid application of this provision.[1]

Furthermore, the Court, having reviewed the Amended Complaint and the objection declines to find that the "imminent danger" provision applies. Plaintiff's creative attempt to avoid application of the three-strikes rule by arguing that prevailing in this suit would allow him to purchase healthy food or different toothpaste from the prison commissary is not the intended use of the § 1915(g) exception. Accordingly, the Court hereby ADOPTS the Report and Recommendation, overrules Plaintiff's objection thereto and DENIES his application for leave to proceed *in forma pauperis*. Plaintiff shall pay the $402.00 filing fee within twenty-one days of entry of this Order or the action shall be dismissed.

**IT IS SO ORDERED** this 25th day of October 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff argues that the Court must consider the intent of Congress with regard to the Prison Litigation Reform Act, which includes § 1915. However, § 1915 applies outside of the context of prisoner litigation and courts may rely on this section to grant leave to proceed without prepayment of fees to non-prisoners as well. This factor undercuts Plaintiff's theory that the PLRA is limited to cases by prisoners related to their confinement. *See e.g. Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); *Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) (applying 28 U.S.C. § 1915(e)(2)(B)(ii) to a non-prisoner IFP case); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").